TODD A. GABOR (TG-1232)
TODD A. GABOR, ESQ.
Attorney for Plaintiff
132 Spruce Street
Cedarhurst, New York 11516
(516) 295-2070
copus@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ASPIRE PHARMACEUTICALS INC.,

Plaintiff,

- against -

NAC MARKETING COMPANY, LLC
d/b/a NEW VITALITY,

Defendant.

--------------------------------------------------------x

Index No.: 15 cv 04605

**COMPLAINT**

Plaintiff Aspire Pharmaceuticals Inc. ("Aspire"), by and through its attorney, Todd A. Gabor, Esq., for its complaint against defendant NAC Marketing Company, LLC. d/b/a New Vitality ("NAC" or "Defendant") respectfully allege and avers as follows:

### THE PARTIES

1. Plaintiff, Aspire is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and maintains an office and principal place of business at 41 Veronica Avenue, Somerset, NJ 08873.

2. At all relevant times Aspire was and is engaged in the business of manufacturing and wholesale distribution of vitamins and nutritional supplements.

3. Upon information and belief, defendant, NAC is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and maintains an office and principal place of business at 260 Smith Street, Farmingdale, NY 11735.

4. Upon information and belief, NAC is engaged in the business of wholesale distribution of vitamins and nutritional supplements.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to U.S.C. § 1391(a)(2) in that a substantial part of the acts and omissions giving rise to this claim occurred in Nassau County.

## AS AND FOR A FIRST CAUSE OF ACTION
### Goods Sold and Delivered

7. On or about October 25, 2013 through January 17, 2014, Aspire, at the specific instance and request of the Defendant, sold and delivered vitamins and nutritional supplements ("Goods") to Defendant all at the agreed upon price and value of $1,085,076.55.

8. Although duly demanded, Defendant has failed to pay any portion of the outstanding balance of $1,085,076.55.

### AS AND FOR A SECOND CAUSE OF ACTION
#### Account Stated

9. Aspire repeats and realleges each and every allegation contained in paragraphs "1" through "8" as if more fully set forth herein.

10. Aspire duly stated an account to the Defendant in the above amount and the same was retained without objection.

11. By reason thereof an account was taken and stated between the parties hereto in the amount of $1,085,076.55.

### AS AND FOR A THIRD CAUSE OF ACTION
#### Unjust Enrichment

12. Aspire repeats and realleges each and every allegation contained in paragraphs "1" through "11" as if more fully set forth herein.

13. Aspire's delivery of the vitamins and nutritional supplements, ordered by Defendant, conferred a benefit upon Defendants.

14. Defendant accepted all the Goods delivered to it by Aspire but has wrongfully refused to pay for them.

15. As a result, Defendant has been unjustly enriched by the valuable Goods supplied by Aspire and, therefore, Defendant is required by law and equity to reimburse and

indemnify Aspire for the Goods that were sold and delivered to Defendant.

16. Defendant's refusal to pay for the Goods has damaged Aspire. It would be inequitable for Defendant to retain the benefits conferred without paying Aspire for the value of the Goods.

17. The value of the benefits conferred upon Defendant by Aspire is $1,085,076.55.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Quantum Meruit

18. Aspire repeats and realleges each and every allegation contained in paragraphs "1" through "17" as if more fully set forth herein.

19. Aspire provided valuable Goods to the Defendant.

20. Defendant accepted and used the valuable Goods provided by Aspire.

21. Aspire reasonably expected to be paid the value of the goods it provided to Defendant.

22. The value of the Goods provided to Defendant by Aspire is determined to be $1,085,076.55.

**WHEREFORE**, Aspire Pharmaceuticals Inc. respectfully demands judgment against defendant NAC Marketing Company, LLC. d/b/a New Vitality as follows:

a) First Cause of Action: In the amount of $1,085,076.55 with interest from January 17, 2014, together with costs and disbursements of this action; and

b) Second Cause of Action: In the amount of $1,085,076.55 with interest from January 17, 2014, together with costs and disbursements of this action; and

c) Third Cause of Action: In the amount of $1,085,076.55 with interest from January 17, 2014, together with costs and disbursements of this action; and

d) Fourth Cause of Action: In the amount of $1,085,076.55 with interest from January 17, 2014, together with costs and disbursements of this action; and

e) Any further relief this Court may deem just and proper.

Dated: Cedarhurst, New York
August 6, 2015

Todd A. Gabor, Esq. (TG-1232)
Attorney for Plaintiff
132 Spruce Street
Cedarhurst, N.Y. 11516
(516) 295-2070
copus@aol.com